IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Lisa J. Priester, Individually, and as** | ) | |
| **Personal Representative of the Estate of** | ) | Civil Action No. 2:14-cv-01108-DCN |
| **David A. Priester, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **WRONGFUL DEATH /** |
| | ) | **SURVIVAL ACTION** |
| **vs.** | ) | |
| | ) | |
| **Futuramic Tool & Engineering Company;** | ) | **COMPLAINT** |
| **Capital Welding, Inc.; McMaster-Carr** | ) | **JURY TRIAL DEMANDED** |
| **Supply Company; and Intec Automated** | ) | |
| **Controls, Inc.,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT FOR DAMAGES

By and through her undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, Plaintiff LISA J. PRIESTER ("MRS. PRIESTER") files this Complaint for Damages against Defendants Futuramic Tool & Engineering Company ("FUTURAMIC"); Capital Welding, Inc. ("CAPITAL"); McMaster-Carr Supply Company ("McMASTER-CARR"); and Intec Automated Controls, Inc. ("INTEC") (collectively "Defendants") and shows the Court the following:

## NATURE OF THE ACTION

1. This wrongful death and survival action seeks compensatory and punitive damages for the wrongful death of David A. Priester, Jr., which resulted from the Defendants' defective products, negligent acts and omissions. Specifically, David A. Priester, Jr. died from injuries sustained when he fell from a mobile platform at the Boeing 787 manufacturing facility in

North Charleston, South Carolina.  He leaves behind a wife and two young daughters, ages 2 and 5.  These events form the basis of Plaintiff's causes of action against the Defendants. Plaintiff seeks actual and consequential damages as well as punitive damages to halt and deter such conduct from taking place in the future.

## THE PARTIES, JURISDICTION, AND VENUE

2. The Decedent, David A. Priester, Jr. was a citizen and resident of Dorchester County, South Carolina.

3. At all times relevant herein, MRS. PRIESTER was and is a resident of Dorchester County, South Carolina.

4. As the duly appointed Personal Representative of the Estate of David A. Priester, Jr., MRS. PRIESTER has authority to bring this wrongful death action on behalf of David A. Priester, Jr.'s beneficiaries under the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 *et seq.*, and to bring this survival action on behalf of the Estate of David A. Priester, Jr., pursuant to S.C. Code § 15-5-90.

5. Defendant FUTURAMIC is a Michigan corporation with its corporate headquarters and principal place of business in Michigan.  FUTURAMIC does have a Certificate of Authority to Transact Business in South Carolina and can be served service of process via its registered agent Chad Jurcak, 215 Windsor Mill Road, Goose Creek, South Carolina 29445.   At all times relevant herein, FUTURAMIC conducted substantial business in South Carolina, and this action arises out of a tort committed in South Carolina; therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803, as well as the Due Process Clause of the United States and South Carolina constitutions.

6. Defendant CAPITAL is a Michigan corporation with its corporate headquarters and principal

place of business in Michigan.  Upon information and belief, CAPITAL is a wholly-owned subsidiary of FUTURAMIC.  CAPITAL does not have a Certificate of Authority to Transact Business in South Carolina and can be served service of process via its registered agent Robert W. Warner, 24680 Gibson, Warren, Michigan 48089. At all times relevant herein, CAPITAL conducted substantial business in South Carolina, and this action arises out of a tort committed in South Carolina; therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803, as well as the Due Process Clause of the United States and South Carolina constitutions.

7.  Defendant McMASTER-CARR is an Illinois corporation with its corporate headquarters and principal place of business in Illinois.  McMASTER-CARR does not have a Certificate of Authority to Transact Business in South Carolina and can be served service of process via its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361. At all times relevant herein, McMASTER-CARR conducted substantial business in South Carolina, and this action arises out of a tort committed in South Carolina; therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803, as well as the Due Process Clause of the United States and South Carolina constitutions.

8.  Defendant INTEC is a Michigan corporation with its corporate headquarters and principal place of business in Michigan.  INTEC does not have a Certificate of Authority to Transact Business in South Carolina and can be served service of process via its registered agent Jeffrey Spada, 44440 Phoenix Drive, Sterling Heights, Michigan 48314.  At all times relevant herein, INTEC conducted substantial business in South Carolina, and this action arises out of a tort committed in South Carolina; therefore, personal jurisdiction is proper

under South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803, as well as the Due Process Clause of the United States and South Carolina constitutions.

9.  At all times relevant herein, Defendants manufactured, created, designed, assembled, inspected, installed, tested, labeled, distributed, supplied, marketed, sold, programmed, and maintained the Cell 90 Mobile Platform, PME 473Z5000-7, ("Cell 90 Platform") and the Intec Automated Controls model #12-248 ("Control Panel") and/or associated component parts at issue.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue of this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

**CONDITIONS PRECEDENT**

12. All conditions precedent to the filing of this action and to the Plaintiff's right to the relief sought have occurred, have been performed, or have been excused.

**FACTS COMMON TO ALL COUNTS**

13. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

14. In or about November 2012, FUTURAMIC installed the Cell 90 Platform at the Boeing 787 manufacturing facility in North Charleston, South Carolina.

15. McMASTER-CARR manufactured, created, designed, assembled, inspected, installed, tested, labeled, distributed, supplied, marketed, sold, specified, and maintained the following

parts for the Cell 90 Platform: Hairpin Cotter Pin, Track Roller, Acme Flange (#95082A644), Acme Nut (#95072A132), Acme Threaded Rod (#99030A118).

16. Upon information and belief, McMASTER-CARR participated in the design and selection of component parts for the Cell 90 Platform.

17. The Cell 90 Platform is approximately 44 feet in length, 73 inches in width, and 20 feet from the ground.

18. There are 18 sliders on the Cell 90 Platform with each slider having a width of 27 inches and varying lengths extended from the platform to the plane body.

19. An Acme Threaded Rod, driven by a motor, moves each slider in and out.

20. CAPITAL manufactured, assembled and installed the sliders and associated component parts on the Cell 90 Platform.

21. Sliders #1 and #15-18 are the only sliders fully enclosed with a guard rail.

22. The Cell 90 Platform is controlled by the Control Panel, which was assembled, installed and programmed by INTEC.

23. On or about March 18, 2013, David A. Priester, Jr. was working with three other employees while standing on the Cell 90 Platform at the Boeing 787 manufacturing facility.

24. David A. Priester, Jr. and the other employees were performing general assembly and placing plastic in the seams of the rear portion of a plane body hoisted in the air.

25. After their last break for the evening, one employee went to the Control Panel, which controls the platform sliders, in order to pull the sliders back from the body of the plane so that they could rotate the plane body and place plastic in additional seams.

26. Once the plane body was rotated, the employee used the Control Panel to move the sliders flush against the plane body.

27. However, Slider #2 did not extend all the way to the plane body.  Because Slider #2 did not extend completely, there was approximately a 4 foot gap at Slider #2 between the sliders and the plane body.

28. While working from the middle of the plane body to his left placing plastic in the seams, David A. Priester, Jr. fell in the large gap between Slider #3 and Slider #1, which resulted from the failure of Slider #2 to extend completely.

29. David A. Priester, Jr. fell approximately 20 feet to the concrete floor, suffering severe head trauma.

30. David A. Priester, Jr. experienced conscious pain and suffering before subsequently dying from his injuries approximately 10 days later on March 29, 2013.

31. Upon information and belief, Defendants knew as earlier as January 24, 2013 that the Cell 90 Platform was in a defective condition unreasonably dangerous to users.

## DAMAGES

32. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

33. As a direct and proximate result of the Defendants' negligent and/or grossly negligent misconduct or omissions and defective products, David A. Priester, Jr. suffered:

    (i)      conscious pain and suffering;

    (ii)     unnecessary medical expenses;

    (iii)    funeral expenses; and

    (iv)    such other and further particulars as the evidence may show.

34. As a direct and proximate result of the Defendants' negligent and/or grossly negligent misconduct or omissions and defective products, David A. Priester, Jr.'s beneficiaries suffered:

      (i)     pecuniary loss;

      (ii)    mental shock and suffering;

      (iii)   wounded feelings;

      (iv)   grief and sorrow;

      (v)    loss of companionship and consortium;

      (vi)   deprivation of the use and comfort of David A. Priester, Jr.'s society including the loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiaries;

      (vii)  funeral expenses; and

      (viii) such other and further particulars as the evidence may show.

35. Additionally, as David A. Priester, Jr.'s spouse, MRS. PRIESTER suffered the loss of her right to the companionship, aid, society and services of her spouse as a result of the Defendants' negligent and/or grossly negligent misconduct or omissions and defective products.

36. The wrongful acts of the Defendants showed willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to consequences and the rights of others. Punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

## CLAIMS FOR RELIEF

### COUNT ONE
Strict Liability (Design Defect) as to Defendants FUTURAMIC and CAPITAL

37. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

38. Defendants FUTURAMIC and CAPITAL manufactured, created, designed, assembled, installed, distributed, supplied, sold, and maintained the Cell 90 Platform and placed it in the stream of commerce.

39. David A. Priester, Jr. neither misused nor materially altered the Cell 90 Platform, and it was in the same or substantially similar condition that it was in at the time that it left the hands of the Defendants.

40. At all relevant times, including when the incident alleged herein occurred, the Cell 90 Platform was used in an intended and foreseeable manner.

41. The Cell 90 Platform's design was defective because the danger associated with the use of the Cell 90 Platform as designed outweighs its utility.

42. Specifically, at the time of David A. Priester, Jr.'s fall and subsequent death, the Cell 90 Platform was in a defective condition unreasonably dangerous to users due to:

    (i)    Lack of guard rails fully enclosing each slider similar to those incorporated into Sliders #1, and #15-18;

    (ii)    Lack of a mechanism to prevent any two sliders from being more than 1 foot apart when extended;

    (iii)    Lack of a mechanism to prevent a gap of more than 3 feet between the sliders and the plane body when a slider does not fully extend;

(iv)    Lack of audible or visual warnings and/or alarms to alert users that a hazardous gap exists when a slider does not fully extend;

(v)     Lack of a functioning mandatory stop when a slider does not fully extend and presents a hazardous gap, thereby posing a danger to users;

(vi)    Lack of proper component parts to enable sliders to move in and out without binding;

(vii)   Lack of interlocking barrier system;

(viii)  Lack of slider extensions to cover floor gaps; and

(ix)    Such other and further particulars as the evidence may show.

43. David A. Priester, Jr.'s ability to avoid injury was frustrated by the absence of such alternative designs incorporated into the Cell 90 Platform.

44. Taking into account costs, safety, and functionality, a feasible alternative design existed at the time that the Cell 90 Platform was manufactured, created, designed, assembled, installed, distributed, supplied, sold, and maintained.

45. As a direct and proximate result of the Cell 90 Platform's defective design, David A. Priester, Jr. fell to his death in the gap at Slider #2.

46. By reason of the foregoing, MRS. PRIESTER, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages proximately caused by Defendants and the defective condition of the Cell 90 Platform when placed into the stream of commerce.

47. Wherefore, MRS. PRIESTER demands judgment against Defendants, jointly and severally, for all actual and compensatory damages together with interest, if applicable, and all costs of

this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT TWO
### Strict Liability (Manufacturing Defect) as to Defendants FUTURAMIC and CAPITAL

48. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

49. Defendants FUTURAMIC and CAPITAL manufactured, created, designed, assembled, installed, distributed, supplied, sold, and maintained the Cell 90 Platform and placed it in the stream of commerce.

50. David A. Priester, Jr. neither misused nor materially altered the Cell 90 Platform, and it was in the same or substantially similar condition that it was in at the time that it left the hands of the Defendants.

51. At all relevant times, including when the incident alleged herein occurred, the Cell 90 Platform was used in an intended and foreseeable manner.

52. The Cell 90 Platform was defective in formulation or manufacture, such that when it was placed in the stream of commerce, it was unreasonably dangerous in that it was more dangerous than an ordinary user would expect given the conditions and circumstances that foreseeably attend its use and more dangerous than similar products which were available to David A. Priester, Jr.

53. The danger associated with the use of the Cell 90 Platform outweighs its utility.

54. The Cell 90 Platform did not perform as safely as an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable way.

55. Specifically, at the time of David A. Priester, Jr.'s fall and subsequent death, the Cell 90 Platform was in a defective condition unreasonably dangerous to users due to:

(i)     Lack of guard rails fully enclosing each slider similar to those incorporated into Sliders #1, and #15-18;

(ii)    Lack of a mechanism to prevent any two sliders from being more than 1 foot apart when extended;

(iii)   Lack of a mechanism to prevent a gap of more than 3 feet between the sliders and the plane body when a slider does not fully extend;

(iv)    Lack of audible or visual warnings and/or alarms to alert users that a hazardous gap exists when a slider does not fully extend;

(v)     Lack of a functioning mandatory stop when a slider does not fully extend and presents a hazardous gap, thereby posing a danger to users;

(vi)    Lack of proper component parts to enable sliders to move in and out without binding;

(vii)   Lack of interlocking barrier system;

(viii)  Lack of slider extensions to cover floor gaps; and

(ix)    Such other and further particulars as the evidence may show.

56. David A. Priester, Jr.'s ability to avoid injury was frustrated by the manufacturing defects in the Cell 90 Platform.

57. As a direct and proximate result of the Cell 90 Platform's defective formulation and/or manufacture, David A. Priester, Jr. fell to his death in the gap at Slider #2.

58. By reason of the foregoing, MRS. PRIESTER, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages proximately caused by Defendants and the defective condition of the Cell 90 Platform when placed into the stream of commerce.

59. Wherefore, MRS. PRIESTER demands judgment against Defendants, jointly and severally, for all actual and compensatory damages together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT THREE
<u>Strict Liability (Failure to Warn) as to Defendants FUTURAMIC and CAPITAL</u>

60. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

61. Defendants FUTURAMIC and CAPITAL manufactured, created, designed, assembled, installed, distributed, supplied, sold, and maintained the Cell 90 Platform and placed it in the stream of commerce.

62. Therefore, Defendants FUTURAMIC and CAPITAL had a duty to warn users about the hazards inherent in the Cell 90 Platform.

63. The Cell 90 Platform posed potential risks that were known and/or should have been known by Defendants at the time of design, manufacture, distribution, and/or sale.

64. Specifically, the Cell 90 Platform was in a defective condition unreasonably dangerous to users due to:

> (i)     Lack of guard rails fully enclosing each slider similar to those incorporated into Sliders #1, and #15-18;

> (ii)    Lack of a mechanism to prevent any two sliders from being more than 1 foot apart when extended;

> (iii)   Lack of a mechanism to prevent a gap of more than 3 feet between the sliders and the plane body when a slider does not fully extend;

(iv)    Lack of audible or visual warnings and/or alarms to alert users that a hazardous gap exists when a slider does not fully extend;

(v)    Lack of a functioning mandatory stop when a slider does not fully extend and presents a hazardous gap, thereby posing a danger to users;

(vi)    Lack of proper component parts to enable sliders to move in and out without binding;

(vii)    Lack of interlocking barrier system;

(viii)    Lack of slider extensions to cover floor gaps; and

(ix)    Such other and further particulars as the evidence may show.

65. David A. Priester, Jr. was unaware of the dangerous nature of the Cell 90 Platform.

66. Because of these facts, the Cell 90 Platform presented a substantial danger during intended and reasonably foreseeable use not readily recognizable to the ordinary user.

67. Defendants failed to adequately warn or instruct users, including David A. Priester, Jr., of these potential risks of substantial danger.

68. The lack of such warnings rendered the Cell 90 Platform defective.

69. As a direct and proximate result of the Defendants' failure to adequately warn of the substantial danger posed by the Cell 90 Platform, it was defective, and David A. Priester, Jr. fell to his death in the gap at Slider #2.

70. By reason of the foregoing, MRS. PRIESTER, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages proximately caused by Defendants and the defective condition of the Cell 90 Platform when placed into the stream of commerce.

71. Wherefore, MRS. PRIESTER demands judgment against Defendants, jointly and severally, for all actual and compensatory damages together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT FOUR
### Negligence as to Defendants FUTURAMIC, CAPITAL, and McMASTER-CARR

72. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

73. Defendants manufactured, created, designed, assembled, inspected, installed, tested, labeled, distributed, supplied, marketed, sold, and maintained the Cell 90 Platform.

74. Additionally, Defendants specified and/or selected the component parts used on the Cell 90 Platform.

75. The component parts specified and/or selected for the Cell 90 Platform were grossly improper, specifically including but not limited to their hardness and tensile strength.

76. Defendants had a duty to exercise reasonable care to adopt a safe design of the Cell 90 Platform so that it could be safely used as intended by users, such as David A. Priester, Jr.

77. Defendants had a duty to exercise reasonable care in assembling component parts and inspecting and testing them before the Cell 90 Platform left their possession to ensure that it was safe for its intended and reasonably foreseeable uses.

78. Defendants had a duty to warn of the dangers of which they knew or reasonably should have known arising from the use of the Cell 90 Platform and an affirmative duty to protect the ultimate users from the hazards inherent in its defective design.

79. Specifically, Defendants knew that the Cell 90 Platform was dangerous to users due to:

(i)     Lack of guard rails fully enclosing each slider similar to those incorporated into Sliders #1, and #15-18;

(ii)    Lack of a mechanism to prevent any two sliders from being more than 1 foot apart when extended;

(iii)    Lack of a mechanism to prevent a gap of more than 3 feet between the sliders and the plane body when a slider does not fully extend;

(iv)    Lack of audible or visual warnings and/or alarms to alert users that a hazardous gap exists when a slider does not fully extend;

(v)    Lack of a functioning mandatory stop when a slider does not fully extend and presents a hazardous gap, thereby posing a danger to users;

(vi)    Lack of proper component parts to enable sliders to move in and out without binding;

(vii)    Lack of interlocking barrier system;

(viii)    Lack of slider extensions to cover floor gaps; and

(ix)    Such other and further particulars as the evidence may show.

80. David A. Priester, Jr. was unaware of the dangerous nature of the Cell 90 Platform.

81. Defendants should have known that ultimate users such as David A. Priester, Jr. would not realize these inherent dangers.

82. Defendants owed David A. Priester, Jr. a duty of reasonable care and were negligent, grossly negligent, willful, wanton, reckless and careless, and breached their respective duties of care by:

(i)    Failing to adopt and implement adequate safety procedures and policies and communicate those policies and procedures to ultimate users;

(ii)    Failing to use reasonable care and precautions to ensure the safe use of the Cell 90 Platform;

(iii)    Failing to exercise reasonable care in the design of the Cell 90 Platform;

(iv)    Failing to exercise reasonable care in the manufacture of the Cell 90 Platform;

(v)    Failing to exercise reasonable care in the specification, selection, and distribution of component parts for the Cell 90 Platform;

(vi)    Failing to exercise reasonable care in the assembly of the Cell 90 Platform;

(vii)    Failing to incorporate safeguards into the design of the Cell 90 Platform to prevent it from presenting an unreasonable risk of substantial danger to users;

(viii)    Failing to exercise reasonable care in the inspection and testing of the Cell 90 Platform;

(ix)    Failing to exercise reasonable care in the installation of the Cell 90 Platform;

(x)    Failing to exercise reasonable care in the maintenance of the Cell 90 Platform;

(xi)    Failing to provide proper and safe materials for use in and with the Cell 90 Platform;

(xii)    Failing to take measures to ensure that the Cell 90 Platform and accompanying parts were merchantable and safe for their intended use prior to placing these products in the stream of commerce;

(xiii)   Failing to discover through testing procedures that the Cell 90 Platform was not properly manufactured and safe for its intended use;

(xiv)   Failing to discover through inspection procedures that the Cell 90 Platform did not contain proper materials/parts and was unreasonably dangerous to users;

(xv)   Failing to adopt, implement, and/or convey adequate warnings of the dangers arising from the intended, reasonable and foreseeable use of the Cell 90 Platform; and

(xvi)   On such other and further particulars as the evidence may show.

83. Each Defendant's negligence was a substantial factor in causing David A. Priester, Jr.'s fall and subsequent death.

84. As a direct and proximate result of the Defendants' negligence and the breaches complained of herein, David A. Priester, Jr. fell to his death in the gap at Slider #2 and suffered damages.

85. By reason of the foregoing, MRS. PRIESTER, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages proximately caused by Defendants and the defective condition of the Cell 90 Platform.

86. Wherefore, MRS. PRIESTER demands judgment against Defendants, jointly and severally, for all actual and compensatory damages together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT FIVE
### Negligence as to Defendant INTEC

87. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

88. Defendant manufactured, created, designed, assembled, inspected, installed, tested, labeled, distributed, supplied, marketed, sold, programmed and maintained the Control Panel.

89. Defendant had a duty to exercise reasonable care in the design, installation and programming of the Control Panel so that it could be safely used as intended by users, such as David A. Priester, Jr.

90. Defendant had a duty to exercise reasonable care in assembling component parts and inspecting and testing the Control Panel to ensure that it was safe for its intended and reasonably foreseeable uses.

91. Defendant had a duty to warn of the dangers of which it knew or reasonably should have known arising from the use of the Control Panel with the Cell 90 Platform and an affirmative duty to protect the ultimate consumers from the hazards inherent in its use with the Cell 90 Platform.

92. Specifically, Defendant knew that the Control Panel was dangerous to users when used with the Cell 90 Platform due to:

   (i)  Lack of visible slider motor fault lights;

   (ii)  Lack of mechanism to show an active fault when a slider is not extended;

   (iii)  Lack of a mechanism to prevent any two sliders from being more than 1 foot apart when extended;

   (iv)  Lack of a mechanism to prevent a gap of more than 3 feet between the sliders and the plane body when a slider does not fully extend;

(v)    Lack of audible or visual warnings and/or alarms to alert users that a substantial gap exists when a slider does not fully extend;

(vi)   Lack of a functioning mandatory stop when a slider does not fully extend and presents a substantial gap, thereby posing a danger to users;

(vii)  Lack of interlocking barrier system;

(viii) Lack of mechanism to prevent users from operating the Cell 90 Platform and prevent user bypass when a slider does not fully extend;

(ix)   Defective slider sensors; and

(x)    Such other and further particulars as the evidence may show.

93. David A. Priester, Jr. was unaware of the dangerous nature of the Control Panel.

94. Defendants should have known that ultimate users such as David A. Priester, Jr. would not realize these inherent dangers.

95. Defendants owed David A. Priester, Jr. a duty of reasonable care and were negligent, grossly negligent, willful, wanton, reckless and careless, and breached their respective duties of care by:

(i)    Failing to adopt and implement adequate safety procedures and policies and communicate those policies and procedures to ultimate users;

(ii)   Failing to use reasonable care and precautions to ensure the safe use of the Control Panel with the Cell 90 Platform;

(iii)  Failing to exercise reasonable care in the design of the Control Panel;

(iv)   Failing to exercise reasonable care in the manufacture of the Control Panel;

(v)    Failing to exercise reasonable care in the programming of the Control Panel;

(vi)    Failing to exercise reasonable care in the assembly of the Control Panel;

(vii)    Failing to incorporate safeguards into the design and programming of the Control Panel to prevent it from presenting an unreasonable risk of substantial danger;

(viii)    Failing to exercise reasonable care in the inspection and testing of the Control Panel;

(ix)    Failing to exercise reasonable care in the installation of the Control Panel;

(x)    Failing to exercise reasonable care in the maintenance of the Control Panel;

(xi)    Failing to provide proper and safe materials for use in the Control Panel;

(xii)    Failing to take measures to ensure that the Control Panel and accompanying parts were merchantable and safe for their intended use prior to placing these products in the stream of commerce;

(xiii)    Failing to discover through testing procedures that the Control Panel was not properly manufactured and safe for its intended use;

(xiv)    Failing to discover through inspection procedures that the Control Panel did not contain proper materials/parts and was unreasonably dangerous;

(xv)    Failing to adopt, implement, and/or convey adequate warnings of the dangers arising from the intended, reasonable and foreseeable use of the Control Panel; and

(xvi)    On such other and further particulars as the evidence may show.

96. Defendant's negligence was a substantial factor in causing David A. Priester, Jr.'s fall and subsequent death.

97. As a direct and proximate result of the Defendant's negligence and the breaches complained of herein, David A. Priester, Jr. fell to his death in the gap at Slider #2 and suffered damages.

98. By reason of the foregoing, MRS. PRIESTER, as Personal Representative, is entitled to recover damages for all general, special, and pecuniary damages proximately caused by Defendant and the defective condition of the Control Panel.

99. Wherefore, MRS. PRIESTER demands judgment against Defendants, jointly and severally, for all actual and compensatory damages together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT SIX
### Loss of Consortium as to All Defendants

100.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

101.    The Defendants' combined and respective actions and inactions were each a direct and proximate cause of David A. Priester, Jr.'s death and a tortious violation of MRS. PRIESTER's right to the companionship, aid, society and services of David A. Priester, Jr.

102.    As a direct and proximate result of the conduct and misconduct of the Defendants, MRS. PRIESTER has suffered and continues to suffer the loss of consortium, household services, aid, society, support, and companionship.

103.    Wherefore, MRS. PRIESTER demands judgment against all Defendants for the loss of consortium, household services, aid, society, support, and companionship to which she is entitled with her spouse.

## COUNT SEVEN
Punitive Damages as to All Defendants

104.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

105.    The actions and inactions of Defendants were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct causing substantial harm and resulting in damages to David A. Priester, Jr. and his beneficiaries.

106.    More specifically, Defendants acted with a conscious and flagrant disregard for the rights and safety of David A. Priester, Jr., and/or deliberately engaged in willful, wanton and reckless disregard for the life and safety of David A. Priester, Jr.

107.    By reason of the foregoing, Defendants are liable for punitive and exemplary damages.

108.    Wherefore, MRS. PRIESTER demands judgment against Defendants for punitive and exemplary damages, plus interest, costs and attorneys' fees for having to bring this action, and such other and further relief as this Honorable Court or jury may deem just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

1.      For a trial by jury and judgment against the Defendants for such sums as actual and other compensatory damages in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court.

2.      For exemplary and punitive damages against Defendants in an amount as a jury may determine to halt and deter such conduct.

3.      For the costs of this suit, including attorney's fees, expenses, and interest.

4.      For such other and further relief to which she may be entitled and as this Honorable Court may deem just and proper.

Respectfully submitted this 24th day of March, 2014,

**MOTLEY RICE LLC**

By: /s/ Anne McGinness Kearse___
     Anne McGinness Kearse (*Fed Bar #7570*)
     W. Christopher Swett (*Fed Bar #11177*)
     28 Bridgeside Boulevard
     Mount Pleasant, SC  29464
     (843) 216-9000
     (843) 216-9450 (Facsimile)
     akearse@motleyrice.com
     cswett@motleyrice.com

     ATTORNEYS FOR PLAINTIFFS